**In the United States District Court
for the District of Kansas**

———————

Case No. 22-cr-40086-TC-2

———————

UNITED STATES OF AMERICA,

*Plaintiff*

v.

LEMARK ROBERSON,

*Defendant*

———————

**ORDER**

Defendant LeMark Roberson sought review and revocation of an out-of-state magistrate judge's detention order. Doc. 34 at 1. A hearing was held on December 14, 2022, to resolve Roberson's motion. Doc. 37. At the hearing, Roberson's motion was granted, and the Magistrate Judge's order of detention, Doc. 30-4, was revoked. Doc. 38.

**I**

**A**

An individual may move for amendment or revocation of a magistrate judge's order of detention under 18 U.S.C. § 3145(b). Such a request must "be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." *United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003) (holding that where the court of original jurisdiction was in New Mexico, a release order issued by an Arizona magistrate judge under 18 U.S.C. § 3145(a) must be reviewed by a New Mexico district judge). The district court reviews the magistrate judge's order of release de novo. *Id.* at 616 n.1.

1

**B**

On November 10, 2022, a grand jury indicted Roberson and three co-defendants for one count of conspiracy against rights under 18 U.S.C. § 241, Doc. 1 at 1–2, and two counts of involuntary servitude under 18 U.S.C. § 1584, *id.* at 8–10. These charges are based on the defendants' alleged actions between 1996 and 1998. *Id.* at 1, 8–9.

On November 14, Roberson was taken into custody. Doc. 30-1 at 2. He was detained until November 17, when he appeared before a magistrate judge of the United States District Court for the Northern District of Ohio. Doc. 30-2. At that detention hearing, "Pretrial Services recommended that Mr. Roberson be released on a $50,000 unsecured bond with conditions, including location monitoring." Doc. 30-4 at 1. Instead, the Magistrate Judge determined "that no condition or combination of conditions w[ould] reasonably assure the safety of the community or Mr. Roberson's appearance," and ordered Roberson detained until trial. *Id.* at 13. Roberson was subsequently committed to the District of Kansas and transported to Topeka for further proceedings. Doc. 30-5.

On December 12, Roberson timely filed a notice for review of the Magistrate Judge's detention order. Doc. 34. He noted, among other things, that two of his co-defendants were granted pretrial release in Kansas. *Id.* at 2. A hearing on that notice was held on December 14, where Roberson was granted pretrial release. Doc. 40. The Government requested a written order stating the reasons for Roberson's release.

**II**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). Accordingly, a defendant must be granted pretrial release unless "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." *United States v. Barrera-Landa*, 964 F.3d 912, 915 (10th Cir. 2020) (quoting 18 U.S.C. § 3142(e)(1)).

2

### A

Certain conduct curtails the presumption in favor of pretrial release. When a court finds there is probable cause that the defendant committed an offense "for which a maximum term of imprisonment of 20 years or more is prescribed," 18 U.S.C. § 3142(e)(3)(D), "it shall be presumed that no condition or combination of conditions" will permit pretrial release, subject to rebuttal by the defendant, *id.* § 3142(e)(3). The defendant then "bears the burden of producing evidence to rebut the presumption." *United States v. Kroeker*, Case No. 22-3092, 2022 WL 2610344, at *2 (10th Cir. Jul. 8, 2022) (citing *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991)). But even if the defendant succeeds, "the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Stricklin*, 932 F.2d at 1355. On the other hand, "the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government." *Id.* at 1354–55.

The Magistrate Judge found that Roberson produced enough evidence that he was not a flight risk or a danger to the community "to satisfy his burden of production to rebut the presumption of detention." Doc. 30-4 at 2. The Government does not challenge that conclusion, and the parties agree that the Magistrate Judge's ruling on Roberson's rebuttal of that presumption should be adopted for purposes of the current appeal. Therefore, for the reasons detailed in the Magistrate Judge's order, Doc. 30-4, Roberson has met his burden.

### B

The Bail Reform Act of 1984 requires consideration of four factors to determine whether any conditions of release will both protect the community and ensure the defendant's appearance at trial. 18 U.S.C. § 3142(g). Those factors are "(1) the nature and circumstances of the offense[s] charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* The Magistrate Judge reviewed these factors, determined that each weighed in favor of detention, and concluded that no conditions of pretrial release would both keep the community safe and ensure Roberson would appear at trial. Doc. 30-4 at 11. Roberson challenges that determination. Doc. 34 at 1.

The Magistrate Judge properly summarized the relevant facts and law related to the first factor: the nature and circumstances of the charged offenses. *See* Doc. 30-4 at 4–11. The serious offenses Roberson has been indicted for and the significant associated criminal penalties signal increased danger to others and increased risk of flight. Roberson does not seriously contest that conclusion. The Magistrate Judge's findings, analysis, and conclusion that this factor weighs in favor of detention are adopted.

The second factor, the weight of the evidence against Roberson, weighs in favor of detention. The Sixth Circuit, which controlled the Magistrate Judge's decision, construes this factor as considering only the weight of evidence of the defendant's "dangerousness or risk of flight, not the weight of the defendant's guilt." Doc. 30-4 at 8 (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)). But in the Tenth Circuit, this factor looks to the "weight of the evidence offered *in support of [the] charges*." *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (emphasis added). Because the Government's evidence against Roberson is "significant" and "strong as to the charges against [him]," this factor also weighs in favor of detention. *Id.*

Unlike the first two factors, and contrary to the Magistrate Judge's findings, the history and characteristics factor weighs in favor of pretrial release. This third factor considers "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history related to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). Roberson has been employed at the Veteran's Administration hospital in Cleveland, Ohio, for six years, presumably without incident. Doc. 30-4 at 10. He owns a home in a Cleveland suburb. *Id.* And he has ties to Kansas: Roberson averred that his mother and sister live in Kansas City, Kansas, and it appears that his mother agreed that Roberson "could stay at her home while returning to Kansas City for court appearances." *Id.*

The Magistrate Judge relied on the rebutted presumption in favor of detention, the "brutal" nature of the allegations, Roberson's criminal history dating back to 1987, and his failure to appear in court on two occasions to find that this factor weighed in favor of detention. Doc. 30-4 at 10–11. But Roberson's recent criminal conduct does not reflect either significant flight risk or danger to the community. The crimes Roberson is charged with in the Indictment are alleged to have

occurred over 20 years ago, and the Government does not allege he has committed similarly egregious crimes since then. Doc. 1. Moreover, he was not "on probation, parole, or other release" at the time he was arrested. 18 U.S.C. § 3142(g)(3)(B). His most relevant history and characteristics therefore weigh in favor of pretrial release.

Finally, "the nature and seriousness of the danger" to other individuals and to the community as a whole if Roberson is released weighs in favor of pretrial release. Even though Roberson has been indicted for deplorable criminal behavior—"violent sexual trafficking charges against minor, vulnerable victims," Doc. 30-4 at 11—the Government alleges the most recent of that criminal activity occurred in 1998, Doc. 1 at 1. Roberson has not been accused of like conduct, or even similarly egregious conduct, since then. He has held a steady job for the past six years and owns a home in Ohio. If he was a danger to the community in 1998, that danger appears to be much reduced now given his age and conduct in the intervening years that does not match the alleged conduct from over two decades ago. He does not appear to be an immediate danger to his community. Indeed, two of his co-defendants charged with the same conduct were already granted bail. Docs. 14 & 18.

After considering the above factors, it is possible to set pretrial release conditions that will adequately ensure Roberson's appearance at trial and protect the community during that release. Those conditions are detailed in a separate Order. *See* Doc. 38.

### III

For the reasons set forth above, the Magistrate Judge's detention order is revoked. Roberson is released pending trial, subject to the Order setting conditions of release. Doc. 38.

Date: December 23, 2022        s/ Toby Crouse
                               Toby Crouse
                               United States District Judge