# UNITED STATES DISTRICT COURT

## District of Kansas

(Topeka Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              CASE NO. 5:22-cr-40086-TC-RES

CECIL A. BROOKS (1),
LEMARK ROBERSON (2),
RICHARD ROBINSON (3),
    a.k.a. "Bone,"

        Defendants.

---

### GOVERNMENT'S OPPOSITION TO DEFENDANT ROBERSON'S MOTION FOR BILL OF PARTICULARS

---

The United States of America, by and through undersigned counsel, respectfully submits this response to Defendant Roberson's Motion for Bill of Particulars, which Defendants Brooks and Robinson have joined. (Doc. 143). While styled as a request for a bill of particulars, Defendant Roberson's motion amounts to a request for a trial outline and a demand that the government provide him with information already known to him, such as dates, locations, and other details surrounding his own criminal history, including convictions, and dates of incarceration, and the timing of alleged crimes already described in great detail in the Indictment and the voluminous discovery provided to the defendants. That is not the purpose of a bill of particulars. The caselaw in the Tenth Circuit is clear

that the "purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Tyler*, 42 F. App'x 186, 188 (2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)). A bill of particulars is not necessary where the indictment "sets forth the elements charged and sufficiently apprises the defendant of the charges[.]" *Id.*

Since the Indictment was returned in this case, the government has provided detailed information to the defendants regarding the offenses with which they are charged, including the thirteen-page speaking Indictment that sets forth the charges and provides details as to the crimes charged; the names of numerous potential witnesses; witness interview reports that will be supplemented as additional interviews occur; and electronically searchable discovery. The defendants' claim that they are not "sufficiently apprised" of the charged offenses is simply inaccurate. Accordingly, the Court should deny the defendant's motion in its entirety.

## I.    A BILL OF PARTICULARS IS NOT REQUIRED

In this case, the defendant proffers several generic arguments in support of his request for a bill of particulars, including argument that it is necessary "to prepare a defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense." (Doc. 143 at 2). These arguments fall far short of satisfying the burden of demonstrating why a bill of particulars is necessary. The detailed speaking Indictment, Rule 16 discovery, early voluntary disclosures (including victim and witness statements), Motion to Permit Admission of Evidence Pursuant to Rules 413 and 404(b), and responses to pre-trial motions provide ample notice of the government's theory of the case and all of

the defendants' roles in the charged involuntary servitude scheme. The Indictment also specifically alleges that the defendants' conduct included kidnapping, aggravated sexual abuse and physical abuse. Because the government has provided more than fair notice of the charges in this case, the Court should deny defendant's motion.

## A. Applicable Law

The purpose of an indictment is to provide a defendant with fair notice of the charges and to shield him from being placed in double jeopardy with respect to any future charges. *United States v. Poole*, 929 F.2d 1476, 1479 (10th Cir. 1991). It need not allege "in detail the factual proof that will be relied upon to support the charges." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quotation marks omitted). Thus, an indictment is sufficient if it "sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (citation omitted). "Sufficiency is determined by practical rather than technical considerations." *Dunn*, 841 F.2d at 1029 (citing *United States v. Crim*, 527 F.2d 289 (10th Cir. 1975)). Under Federal Rule of Criminal Procedure 7(f), additional details, in the form of a bill of particulars, are appropriate only in those rare cases where the indictment is too vague to inform the defendant of the nature of the charges to allow the preparation of a defense, to avoid unfair surprise, or to assert a double jeopardy claim. *See Dunn*, 841 F. 2d at 1029. Importantly, a bill of particulars cannot be used as a discovery device, or to compel the government to outline its factual proof or legal theories against the defendant. *See id.* (stating that a bill or particulars "is not a discovery device" and an "indictment need not go further and allege in detail that factual proof that will be relied

3

upon to support the charges") (internal citation and quotation omitted); *United States v. Warren*, No. 01-cr-40074, 2001 WL 1718115, *2 (D. Kan. Dec. 18, 2001) ("Nor is it a way to require the government's explanation of the legal theories expected at trial.") (citing *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)).  Nor can a bill of particulars be used as a means to lock the government into its proof at trial.  *See United States v. Rigas*, 258 F. Supp. 2d 299, 304 (S.D.N.Y. 2003) ("[T]he bill of particulars cannot . . . be used as a discovery vehicle or a means to lock the government into its proof.").

It is the defendant's burden to demonstrate that "failure to grant the request [for a bill of particulars] would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense preparation, or double jeopardy problems." *United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998).  In exercising its broad discretion to determine whether the charges are so general that they require supplementing, a court should consider not just the text of the indictment, but also discovery and other disclosures by the government.  *See United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002) (holding district court did not err in denying motion for bill of particulars where government disclosed additional facts during a pre-trial hearing) (citing *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992)).

## B. Argument

The defendant's motion should be denied because the information he seeks far exceeds the proper scope and function of a bill or particulars, is not necessary to trial preparation, and has already been provided in the Indictment or through discovery. Further, some information requested by the defendant centers around the specifics of his

own conviction, incarceration, and the physical location of the courthouse where the defendant was sentenced. (Doc. 143 at 3) (seeking, among other things "the date when Person 1 was released from the Beloit Juvenile Correctional Facility, how long Person 1 was held in captivity at Delevan before the defendant went to jail, how long had the defendant been back at Delevan before Person 1 allegedly escaped from Delevan, and how long Person 1 had been allegedly captive at Delevan when the defendant went to the grandmother of Person 1 and asked for clothing including her favorite dress"). But the defendants "are not entitled to a bill of particulars setting forth the 'whens,' 'wheres,' and 'with whoms' regarding" the offenses with which they are charged. *United States v. Muyet*, 945 F. Supp. 586, 599 (S.D.N.Y. 1996); *see also United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) ("Appellant's request for the 'when, where and how' of any overt acts not alleged in the indictment was tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars under Fed. R. Crim. P. 7(f); *United States v. Helbrans*, 2021 WL 2873800, at *15 (S.D.N.Y. July 8, 2021) ("Demands for information 'with respect to where, when, and with whom the Government will charge the defendant with conspiring are routinely denied.'") (quoting *United States v. Guerrero*, 669 F. Supp. 2d 417, 426) (S.D.N.Y. 2009)).

Moreover, the Indictment, extensive discovery, and other voluntary early disclosures further undermines any claimed need for a bill or particulars. The thirteen-page Indictment—which sets forth the allegations that continue to reflect the government's theory of the case—is detailed in its description of the defendants' crimes. In addition to setting out the statutory elements of the crimes, the Indictment furnishes numerous details

that apprise the defendants of the nature of the charges.  The Indictment sets forth the two victims described in the three counts, and the government has provided the defendants with the names of these victims.  *See United States v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002) ("If 'the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial,' bill of particulars is not necessary.") (quoting *Ivy*, 83 F.3d at 1281).

Furthermore, defendants received additional information regarding the government's theory of the case and additional background information regarding the charged conduct in the government's 43-page Motion to Admit 413 and 404(b) Evidence and accompanying Attachment A that provided a summary of victim related evidence. (Docs. 102, 102-2).  The government's summary table includes information regarding additional victims and includes information that relates to the defendant and Persons 1 and 2.  (Doc. 102-2).  That defendants responded to the government's Motion to Admit 413 and 404(b) Evidence, the government filed a reply, a motions hearing was held, and the Court has ruled, further illustrates why a bill of particulars is unnecessary.  (Docs. 116, 119, 120, 121, 122, 127, 130).  The defendants clearly have been more than sufficiently apprised of the charges and the factual underpinnings of the case.

## II.    **CONCLUSION**

For the reasons stated above, Defendant Roberson's Motion for a Bill of Particulars, joined by Defendants Brooks and Robinson, lacks merit and should be denied.

Respectfully submitted,

DUSTON J. SLINKARD
ACTING UNITED STATES ATTORNEY

By: /s/ *Jabari B. Wamble*
Jabari B. Wamble
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ph: (913) 551-6730
Email: jabari.wamble@usdoj.gov
Ks. S. Ct. No. 22730

HARMEET DHILLON
Assistant Attorney General
Civil Rights Division

By: /s/ *Tara Allison*
Tara Allison
Trial Attorney
Crim. Section, Civil Rights Div.
U.S. Department of Justice
150 M St. NE
Washington, DC 20002
Ph: (202) 598-7882
Email: tara.allison@usdoj.gov
NY Bar No. 5666029

By: /s/ *Briana M. Clark*
Briana M. Clark
Trial Attorney
Crim Section, Civil Rights Div.
U.S. Department of Justice
150 M St. NE
Washington, DC 20002
Ph: (202) 710-7320
Email: briana.clark@usdoj.gov
DC Bar No. 1735505

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd of May 2025, I electronically filed the foregoing Entry of Appearance with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to those attorneys who have entered their appearance in the matter:

By: */s/ Jabari B. Wamble*
Jabari B. Wamble
Assistant United States Attorney
District of Kansas